**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | RGN-Chapel Hill II, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | N/A __ __ – __ __ __ __ __ __ __ |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3000   Kellway Drive | |
| Number   Street | Number   Street |
| Suite 140 | |
| | P.O. Box |
| Carrollton          TX    75006 | |
| City            State    ZIP Code | City            State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Dallas | 1011    South Hamilton Road |
| County | Number   Street |
| | Chapel Hill       NC    27517 |
| | City            State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | https://www.spacesworks.com/chapel-hill/station-at-east-54/ |

Debtor    RGN-Chapel Hill II, LLC _____    Case number (*if known*)_____
              Name

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>3</u>  <u>1</u>  <u>1</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

    ☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    RGN-Chapel Hill II, LLC
_____
          Name

Case number (if known) _____

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                       MM / DD / YYYY

         District _____  When _____  Case number _____
                                       MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See Rider 1.
                _____  Relationship  Affiliates
                                                                _____
         District  Delaware
                  _____  When  See Rider 1.
                                                         _____
         Case number, if known _____       MM / DD / YYYY

---

11. **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____

                          _____
                          City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

■ **Statistical and administrative information**

---

Debtor    RGN-Chapel Hill II, LLC
_____
Name

Case number (if known)_____

---

13. **Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

14. **Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

15. **Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☒ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

16. **Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    8/2/2020
              _____
              MM  / DD / YYYY

✗ _____, Responsible Officer
Signature of authorized representative of debtor

James S. Feltman
_____
Printed name

Title    Responsible Officer
        _____

---

Debtor    RGN-Chapel Hill II, LLC
_____    Case number (if known)_____
          Name

**18. Signature of attorney**    ✖    ___/s/ Ian J. Bambrick_____    Date    ___8/2/2020___
                                    Signature of attorney for debtor              MM  / DD / YYYY

                                    Ian J. Bambrick
                                    _____
                                    Printed name
                                    Faegre Drinker Biddle & Reath LLP
                                    _____
                                    Firm name
                                    222          Delaware Avenue, Suite 1410
                                    _____
                                    Number        Street
                                    Wilmington                                Delaware      19801
                                    _____    _____
                                    City                                      State        ZIP Code

                                    (302) 467-4200                            Ian.Bambrick@faegredrinker.com
                                    _____    _____
                                    Contact phone                             Email address

                                    5455                                      Delaware
                                    _____    _____
                                    Bar number                                State

# RIDER 1

On the following dates, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

**7/30/2020**

- RGN-Columbus IV, LLC (Case No. 20-11894)

**8/2/2020**

- RGN-Chapel Hill II, LLC

The Debtors will move for joint administration of their cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure under the case number assigned to the chapter 11 case of RGN-Columbus IV, LLC.

**WRITTEN CONSENT OF THE SOLE MEMBER**
**of**
**RGN-CHAPEL HILL II, LLC**

The undersigned, being the sole member (the "Member") of RGN-Chapel Hill II, LLC, a Delaware limited liability company (the "Company"), hereby takes the following actions and adopts the following resolutions by written consent in lieu of a meeting pursuant to section 2.5 of the Limited Liability Company Agreement, and pursuant to Section 18-302 of the Delaware Limited Liability Company Act:

<u>**Creation of Responsible Officers**</u>

**WHEREAS,** in the judgment of the Member, it is desirable and in the best interests of the Company to create two officer of the Company positions, appoint individuals to such officer positions, and to delegate to such officers certain of the Member's rights, powers, and duties to manage and control the business and affairs of the Company.  Such officers to be hereafter designated as the "Responsible Officer" and the "Assistant Responsible Officer;" and

**WHEREAS**, such delegation to the Responsible Officer and the Assistant Responsible Officer is permissible under Section 18-302 of the Delaware Limited Liability Company Act.

.<u>**Bankruptcy Resolutions**</u>

**WHEREAS**, the Company, with the assistance of its financial and legal advisors, has been conducting a review to consider and evaluate various strategic and financial alternatives, including but not limited to, the sale or divestiture of all or substantially all of the Company's assets, a filing of petitions by the Company and certain of its affiliates to be effectuated under the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), other restructuring transactions or transactions otherwise designed to address the Company's liquidity constraints that may be available to the Company and its affiliates (each such strategic alternative, a "Transaction"); and

**WHEREAS**, the Member has reviewed and has had the opportunity to ask questions and receive answers about and to discuss the materials presented by senior management of the Company or its Member and the Company's legal, financial and other advisors regarding the liabilities and liquidity of the Company, the various potential Transactions and the impact of the foregoing on the Company, its creditors, shareholders and other interested parties and its business; and

**WHEREAS**, in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, shareholders and other interested parties, for the Company to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the filing of the petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code, and the seeking of further relief by the Company under the

Bankruptcy Code (such acts, effectuating the "Chapter 11 Case"), be and each hereby is, authorized and approved for all purposes and in all respects; and it is

**FURTHER RESOLVED**, that, effective as of the date of execution of this written consent, the position of Responsible Officer is created for the Company and James S. Feltman shall be and hereby is appointed as the Company's Responsible Officer, the Responsible Officer serving as the sole officer of the Company reporting to the Member on all aspects of the Chapter 11 Case, and with the direction or authorization of the Member to, among other actions that would be customary for one serving in the capacity of Responsible Officer. In particular, and as set forth in more detail in the July 27, 2020 letter agreement between Duff & Phelps, LLC and the Company, the Responsible Officer is authorized to (a) evaluate and pursue any Transactions, (b) manage the process that will result in a filing in the Bankruptcy Court, (c) conduct and oversee bankruptcy preparation and filing activities; including execution of any relevant documents, including reviewing the petition and any necessary first day affidavit, (d) attend and appear on behalf of the Company at bankruptcy hearings and 341 meetings of creditors and related ancillary bankruptcy matters, (e) develop, along with restructuring professionals, a restructuring strategy and drive the process of exiting the company from bankruptcy on a timely basis, (f) manage litigation impacting the Company, (g) coordinate activities and assist in communication with outside constituents and advisors, including banks and their advisors, (h) assist the Company and its management in developing a short-term cash flow forecasting tool and related methodologies and to assist with planning for alternatives as requested, and (i) assist with such other matters as may be needed or requested that fall within Mr. Feltman's expertise and that are mutually agreeable (collectively, the "Responsible Officer's Duties"). Mr. Feltman shall serve as Responsible Officer until the sooner of his death, resignation, or termination by the Member; and it is

**FURTHER RESOLVED**, that, effective as of the date of execution of this written consent, the position of Assistant Responsible Officer is created for the Company and Ryan Beckwith shall be and hereby is appointed as the Company's Assistant Responsible Officer, the Assistant Responsible Officer shall assist the Responsible Officer and shall perform such duties as may be assigned to him or her by the Responsible Officer or by the Member; and it is

**FURTHER RESOLVED,** that the Responsible Officer is hereby authorized and empowered to do and perform all such acts, and to execute and deliver any and all agreements, contracts, documents, instruments, or certificates on behalf of the Company, relating to the Responsible Officer's Duties and such agreements, contracts, documents, instruments or certificates shall be binding on the Company in accordance with the terms thereof; and it is

**FURTHER RESOLVED**, that the Responsible Officer, and any other person designated and so authorized to act by the Member or Responsible Officer (each such designee being an "Authorized Person"), be, and each hereby is, authorized and empowered to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code in the name and on behalf of the Company, in such forms as the Authorized Person executing the same shall approve, his, her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the Member, and to file or cause the same to be filed in the Bankruptcy Court at such time as such Authorized Person executing the same shall determine; and it is

2

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered to execute, verify and file or cause to be filed on behalf of and in the name of the Company any and all petitions, schedules, motions, lists, applications, pleadings and other papers, in such forms as the Authorized Person executing the same shall approve, his, her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the Member, and to take all such other actions deemed by such Authorized Person to be necessary, appropriate or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to engage and continue to retain the law firm of Faegre Drinker Biddle & Reath LLP as restructuring and general bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case, and in connection therewith, the Authorized Persons are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed appropriate applications for authority to retain the services of Faegre Drinker Biddle & Reath LLP; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to retain, financial advisors, and any other individual and/or firm as professionals or consultants to the Company as are necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, including (a) AlixPartners, as financial advisors to the Company, (b) Duff & Phelps, LLC, as restructuring advisors to the Company, and (c) such additional professionals, including attorneys, accountants, financial advisors, consultants, or brokers as may be necessary or desirable in connection with the Chapter 11 Case and in connection therewith, including but not limited to a claims and noticing agent and administrative advisor, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such individuals and/or firms.

## General

**NOW, THEREFORE, BE IT RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company to perform any and all acts as may be necessary or desirable to carry out the purposes of these resolutions and to complete the transactions contemplated in the agreements and instruments referred to in the foregoing resolutions, and to execute, file, and deliver all instruments and other documents as any such officer may deem necessary or desirable to carry out the purposes and intent of the agreements and instruments referred to in the foregoing resolutions; and the execution by any such officer of any such act in connection with the foregoing matters shall conclusively establish such officer's authority therefor from the Company and the approval, ratification, and adoption by the Company of the documents so executed and the actions so taken; and it is

ACTIVE.124757360.01

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered to take any and all actions necessary or appropriate for the Company to negotiate a refinancing, recapitalization, restructuring or other reorganization of the Company and, subject to further approval of the Member, to enter into all other documents, agreements or instruments to effectuate the foregoing; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company to perform any and all acts as may be necessary or desirable to undertake, execute, file, implement, and/or deliver the Chapter 11 Case and all other instruments and documents contemplated by the foregoing resolutions and to take any and all further action that such Authorized Person may deem necessary or desirable to effectuate any action authorized by these resolutions, and otherwise to carry out the purposes and intent of the foregoing resolutions, and the execution by any such officer of any such documents or the performance by any such Authorized Person of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefore from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company to take any and all action necessary, including the execution of any amendments, documents, instruments or waivers or to obtain any waivers or amendments of any agreements of the Company required by or under the Chapter 11 Case or any of the transactions contemplated thereby, and any such action shall be binding on the Company without further authorization; and it is

**FURTHER RESOLVED**, that all authority conferred by these resolutions shall be deemed retroactive and any and all acts authorized under these resolutions performed prior to the adoption of this resolution are hereby ratified, affirmed and approved; and that, without limitation of the foregoing, all actions heretofore taken for or on behalf of the Company by any Authorized Person in connection with the transactions contemplated by the preceding resolutions be, and hereby are, ratified, adopted and confirmed in all respects.

*[Signature page follows.]*

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Company, has executed this written consent as of the 2nd day of August, 2020.  Effectiveness requires execution by only one signatory listed below.

**SOLE MEMBER OF RGN-CHAPEL HILL II, LLC**:

Regus Corporation, a Delaware Corporation

By:_____
Name: Michael J. Osburn
Title:    Vice President, Secretary and Treasurer

By:_____
Name: Wayne Berger
Title:    President and Chief Executive Officer—
Americas

By:_____
Name: Joshua Nicosia
Title:    Assistant Secretary

**Fill in this information to identify the case:**

Debtor name  RGN-Chapel Hill II, LLC

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                    (State)

Case number (If known):  _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MATTIE EQUITY LLC, C/O EAST WEST PARTNERS CLUB MANAGEMENT, 1107 ENVIRON WAY CHAPEL HILL, NC, USA, 27517 | e54@ewclubs.com | Leasehold | | | | $117,759 |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor  __RGN-Chapel Hill II, LLC_____          Case number *(if known)*_____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-Chapel Hill II, LLC,[1] | Case No. 20-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the undersigned authorized officer of the above-captioned debtor (the "Debtor") certifies that the

following corporate entities directly or indirectly own 10% or more of the Debtor:

| Name and Address of Corporate Entities Directly or Indirectly Owning 10% or More of the Debtor | Interest |
|---|---|
| Regus Corporation | 100% Direct Ownership |

---

[1] The above-captioned Debtor and its affiliate Debtors are each disregarded entities for tax purposes and therefore do not have Federal Employer Identification Numbers. The mailing address for the Debtor and its affiliate Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006.  A complete list of the Debtors in these chapter 11 cases can be found on Rider 1 of the Debtor's Voluntary Petition.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-Chapel Hill II, LLC,[1] | Case No. 20-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor (the "Debtor") submits the following information:

The following entity directly owns 10% or more of any class of equity interests of the Debtor:

| Name and Address of Corporate Equity Holder | Interest |
|---|---|
| Regus Corporation | 100% |

---

[1] The above-captioned Debtor and its affiliate Debtors are each disregarded entities for tax purposes and therefore do not have Federal Employer Identification Numbers. The mailing address for the Debtor and its affiliate Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006.  A complete list of the Debtors in these chapter 11 cases can be found on Rider 1 of the Debtor's Voluntary Petition.

ACTIVE.124757746.01

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-Chapel Hill II, LLC,[1] | Case No. 20-_____ (___) |
| Debtor. | |

## CERTIFICATION OF NO TAX RETURN

The above-captioned debtor (the "<u>Debtor</u>") hereby certifies that it is a non-electing single-member limited liability corporation that is considered a "disregarded" entity under Treas. Reg. Section 301.7701-3.  As such, pursuant to section 1116(1)(B) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, the Debtor hereby further certifies that no Federal tax return has been filed for the Debtor.

---

[1] The above-captioned Debtor and its affiliate Debtors are each disregarded entities for tax purposes and therefore do not have Federal Employer Identification Numbers. The mailing address for the Debtor and its affiliate Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006.  A complete list of the Debtors in these chapter 11 cases can be found on <u>Rider 1</u> of the Debtor's Voluntary Petition.

# RGN-Chapel Hill II, LLC

Balance Sheets

June 30, 2020

|  | 06/30/2020 |
|---|---|
| **Current Assets:** | |
| **Accounts receivable net of allowance for doubtful accounts** | 8,521 |
| **Prepaid expenses and other current assets** | 6,739 |
| **Total current assets** | 15,259 |
| **Property and equipment, net** | 497,132 |
| **Total Assets** | **512,392** |
| **Current liabilities:** | |
| **Accounts Payable** | 1,294 |
| **Accrued Expenses** | 155,140 |
| **Total Current Liabilities** | 156,434 |
| **Other liabilities** | 1,142,026 |
| **Due to affiliates** | 1,623,085 |
| **Total liabilities** | **2,921,544** |
| **Stockholders Equity:** | |
| **Retained earnings** | (2,409,153) |
| **Total stockholder's equity** | **(2,409,153)** |
| **Total liabilities and stockholder's equity** | **512,392** |

## Notes

1) Financial statements are unaudited and as such are subject to material change and revision

2) The financials were not prepared with a view toward compliance with generally accepted accounting principals ("GAAP") in the United States

3) Income taxes have not been individually recorded for this entity as it is part of a consolidating income tax filing group

# RGN-Chapel Hill II, LLC

Statements of Operations

YTD - Period ended June 30, 2020

|  | 06/30/2020 |
|---|---|
| **Revenues** | 664,673 |
| **Operating Expenses** | |
| **Cost of services rendered and products sold** | 703,611 |
| **General and Administrative** | 576,789 |
| | 1,280,400 |
| **Income from Operations before provision for income taxes** | (615,727) |
| **Income taxes** | - |
| **Net Income** | **(615,727)** |

## Notes

1) Financial statements are unaudited and as such are subject to material change and revision

2) The financials were not prepared with a view toward compliance with generally accepted accounting principals ("GAAP") in the United States

3) Income taxes have not been individually recorded for this entity as it is part of a consolidating income tax filing group

# RGN-Chapel Hill II, LLC

Statements of Operations

YTD - Period ended June 30, 2020

|  | **06/30/2020** |
|---|---|
| **Revenues** | 664,673 |
| **Operating Expenses** | |
| **Cost of services rendered and products sold** | 703,611 |
| **General and Administrative** | 576,789 |
|  | 1,280,400 |
| **Income from Operations before provision for income taxes** | (615,727) |
| **Income taxes** | - |
| **Net Income** | **(615,727)** |

## Notes

1) Financial statements are unaudited and as such are subject to material change and revision
2) The financials were not prepared with a view toward compliance with generally accepted accounting principals ("GAAP") in the United States
3) Income taxes have not been individually recorded for this entity as it is part of a consolidating income tax filing group

**Fill in this information to identify the case and this filing:**

Debtor Name _RGN-Chapel Hill II, LLC_____

United States Bankruptcy Court for the: _____ District of _Delaware_____
                                                                    (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration _____ See Schedule 1 attached hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _8/2/2020_____        ✖ ___/s/ James S. Feltman_____
              MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                       James S. Feltman_____
                                       Printed name

                                       Responsible Officer_____
                                       Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## <u>SCHEDULE 1 TO OFFICIAL FORM 202</u>

The Responsible Officer of the above-captioned Debtor has examined the information in

the following documents and reasonably believes the information therein is true and correct:

- Corporate Ownership Statement

- List of Equity Security Holders

- Certification of No Tax Return

- Balance Sheet

- Statement of Operations

- Statement of Cash Flows